UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL F. HEKENBERGER,

Petitioner,

v.

Case No. 26-cv-1292-pp

WARDEN DAISY CHASE,

Respondent.

---

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1), DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

---

On July 23, 2026, the petitioner, who is incarcerated at the Redgranite Correctional Institution and is representing himself, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254. The petitioner challenges his 2023 conviction for operating a vehicle under the influence (OWI) as a seventh offense, dkt. no. 1-2 at 1, 4, and his 2015 convictions for conspiracy to deliver heroin and escape from custody, id. at 3-4, 7-8.

## I. Background

The petition refers to Wisconsin v. Michael F. Hekenberger, Brown County Case No. 2014CF1010, and Wisconsin v. Michael F. Hekenberger, Brown County Case No. 2014CF1011 (available at https://wcca.wicourts.gov). On April 21, 2015, in Case No. 2014CF1010, the petitioner entered a plea of no contest to the charge of delivery of heroin under Wis. Stat. §961.41(1)(d)4 with modifiers for conspiracy (Wis. Stat. §961.41(1x)), repeater (Wis. Stat.

§939.62(1)(b)) and a second or subsequent offense (Wis. Stat. §961.48(1)(a)). The court imposed an eight-year sentence of imprisonment with fifteen years of extended supervision. On the same day—April 21, 2015—the petitioner entered a no contest plea to the charge of escape from custody under Wis. Stat. §946.42(3)(a). The court imposed a sentence of one year of imprisonment with three years of extended supervision. The court imposed this sentence to run consecutively to the sentence imposed in Case No. 2014CF1010. The petitioner did not appeal the convictions in either Brown County case.

The petition also refers to Wisconsin v. Michael Francis Hedenberger, Ozaukee County Case No. 2023CF130 (available at https://wcca.wicourts.gov). On September 12, 2023, the petitioner entered a guilty plea to operating a vehicle while intoxicated as a seventh offense under Wis. Stat. §346.63(1)(a) with a repeater modifier under Wis. Stat. §939.62(1)(b). The court sentenced the petitioner to five years of imprisonment with five years of extended supervision. The court imposed this sentence to run consecutively to the two convictions in the Brown County cases.

The petitioner appealed his Ozaukee County OWI conviction on the ground that his plea was not entered knowingly, voluntarily and intelligently, asserting that his trial counsel had promised him that the court would impose only a two-year sentence. Dkt. No. 1-2 at 127. His appellate counsel filed a no-merit report. Id. In its October 22, 2025 decision, the Wisconsin Court of Appeals concluded that there was no arguable merit to the petitioner's appeal because the petitioner had confirmed during the plea hearing that he

understood his OWI conviction carried a three-year mandatory minimum sentence and his trial counsel had requested a sentence that exceeded two years. Id. at 128. The court of appeals also observed that the petitioner had affirmed at the hearing that he was entering his plea "of his own free will and that no one had promised him anything." Id. The court of appeals did not consider the petitioner's non-jurisdictional defects and defenses, including his claimed constitutional violations, because the petitioner had waived them by entering a guilty plea to the OWI offense. See id. at 129 n.2 (citing State v. Kelty, 294 Wis. 2d 62, 73 & n.11 (Wis. 2006); State v. Lasky, 254 Wis. 2d 789, 796-97 (Wis. Ct. App. 2002)). The petitioner did not appeal the court of appeals' decision to the Wisconsin Supreme Court, and says that he did not do so because he did not receive a copy of the October 22, 2025 decision until April 7, 2026, when he was taken out of segregation. See Dkt. No. 1 at 3, 5. The petitioner did not file any motions for post-conviction relief other than his direct appeal.

## II. Rule 4 Screening

### A. Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage,

the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner

prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B. The Petition

The petitioner asserts three claims: ineffective assistance of appellate counsel, dkt. no. 1 at 7-19, prosecutorial misconduct, id. at 20-23, and judicial errors, id. at 24-35. It appears that all the petitioner's claims focus on his Ozaukee County OWI conviction, not his earlier convictions in the Brown County cases. The petitioner's claims are time barred, unexhausted and waived.

A state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). And the law requires that a petitioner must exhaust his state court remedies before a federal court may grant *habeas* relief. "Exhaustion" means that a petitioner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842; see also 28 U.S.C. §2254(b)(1). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," the U.S. Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. In Wisconsin, that means that a state prisoner must present his claims

to the Wisconsin Court of Appeals and, if he loses there, must petition the Wisconsin Supreme Court for review of his claims.

Here, the petitioner did not appeal his April 2015 Brown County convictions for delivery of heroin and escape from custody. The petitioner did not file his federal *habeas* petition until July 2026, more than a decade after his convictions became final. The petitioner also did not present any constitutional claims to the Wisconsin state courts, so he has not exhausted any potential claims he may have related to the April 2015 Brown County convictions.

The petitioner's federal *habeas* petition concerning the OWI conviction was filed within one year after the Wisconsin Court of Appeals' October 2025 decision. But the petitioner did not fully exhaust his state court remedies. He did not petition the Wisconsin Supreme Court for review of that October 2025 decision. Though the petitioner says that he did not petition the Supreme Court for review because he was in segregation, there is no evidence showing that the petitioner sought any relief from the Wisconsin Court of Appeals or Supreme Court. The petitioner claims that his appellate counsel was ineffective, but the petitioner did not file any motion for post-conviction relief under Wis. Stat. §§974.02 or 974.06 in the Wisconsin state courts based on ineffective assistance of appellate counsel.

The petitioner also waived his constitutional claims when he entered a guilty plea for his seventh OWI offense and the no contest plea related to the 2015 Brown County convictions. The Supreme Court has held that "when a

criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollet v. Henderson, 411 U.S. 258, 267 (1973). As a result, "once a plea of guilty has been entered, non-jurisdictional challenges to the constitutionality of the conviction are waived and only the knowing and voluntary nature of the plea may be attacked." U.S. v. Brown, 870 F.2d 1354, 1358 (7th Cir. 1989). "A plea of no contest invokes the same waiver principle." Gomez v. Berge, 434 F.3d 940, 942 (7th Cir. 2006) (citing United States v. Michigan Carton Co., 552 F.2d 198, 202 (7th Cir. 1977)). The petitioner waived all non-jurisdictional arguments, including his claims of ineffective assistance of appellate counsel, prosecutorial misconduct and judicial error due to his guilty plea.

Even if he hadn't waived those arguments, the petitioner's ineffective assistance of appellate counsel claim would not have merit. "Under *Strickland v. Washington*'s familiar, two-pronged test for ineffective assistance of counsel, [the petitioner] must demonstrate that (1) his counsel's performance was deficient; and (2) that deficiency resulted in prejudice." United States v. Berg, 714 F.3d 490, 496-97 (7th Cir. 2013) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). "The performance prong of *Strickland* requires a [petitioner] to show 'that counsel's representation fell below an objective standard of reasonableness.'" Lafler v. Cooper, 566 U.S. 156, 163 (2012) (quoting Hill v. Lockhart, 474 U.S. 52, 57 (1985)). "The question is whether an

attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." Harrington v. Richter, 562 U.S. 86, 105 (2011) (quoting Strickland, 466 U.S. at 690). "To establish *Strickland* prejudice a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Lafler, 566 U.S. at 163 (quoting Strickland, 466 U.S. at 694).

The petitioner's appellate counsel filed a no-merit report with the Wisconsin Court of Appeals because the petitioner claimed that he was promised a two-year sentence by his trial counsel. Dkt. No. 1-2 at 111. Appellate counsel explained in the no-merit report that the plea colloquy showed that the petitioner understood his OWI charge had a three-year mandatory minimum sentence and that trial counsel had argued for a seven-and-a-half-year sentence. Id. The petitioner also confirmed with the trial judge that he was entering his guilty plea knowingly, intelligently and voluntarily. He told the judge, "I accept a hundred percent responsibility for my decision to drive . . . . My blood results aren't back yet, but I would never disrespect you in your courtroom by acting like I'm not guilty when I most certainly am." Id. at 28-30, 113. Given the plea colloquy, appellate counsel cannot be faulted for not raising an argument that the petitioner's guilty plea was somehow defective. See Washington v. Boughton, 884 F.3d 692, 701 (7th Cir. 2018) ("[A]n attorney is not ineffective for failing to raise a meritless argument.").

## III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability, because reasonable jurists could not debate whether the petitioner's claims warrant *habeas* relief under 28 U.S.C. §2254(d).

## IV. Conclusion

The court **DENIES** the petition for writ of *habeas corpus*. Dkt. No. 1.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 28th day of October, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**